IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  05-cv-01233-LTB-MJW

GREENBERG & ASSOCIATES. INC., d/b/a Agile Advisors, Inc. a Delaware corporation,
TACTICAL ALLOCATION SERVICES, LLC, d/b/a Agile Allocation Services, LLC, a Delaware limited liability company,
AGILE GROUP, LLC, a Delaware limited liability company,
GREENBERG & ASSOCIATES SECURITIES, INC., d/b/a Agile Group, a Delaware corporation, and
NEAL R. GREENBERG, a Colorado resident,

    Plaintiffs,

v.

LEONARD COHEN, a Canadian citizen residing in California,
KELLEY LYNCH, a United States citizen residing in California, and
JOHN DOE, Numbers 1-25,

    Defendants.

_____

ORDER
_____

    Former defendant Robert Kory, previously dismissed from this case for lack of personal jurisdiction, moves for attorney fees. After reviewing the adequate briefs of the parties – oral argument would not materially aid the resolution of the motion – I DENY the motion.

    In pursuit of fees here, Mr. Kory invokes Colo. Rev. Stat. § 13-17-201, which provides,

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

    As the plaintiffs point out, no authority appears for the use to which Mr. Kory would have

me employ this provision; I find no decisions of a court sitting in Colorado assessing fees after dismissal for lack of personal jurisdiction and Mr. Kory cites none. The plaintiffs explain this dearth of authority on the ostensible ground that Colorado substantive law, including the instant attorney fee statute, does not apply in such instances.

The parties agree that a state's attorney fee statute, to be applied to federal cases premised upon diversity of citizenship, is substantive law. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). The operative question, therefore, is whether Colorado substantive law applies to this case. The plaintiffs, citing *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202 (10th Cir. 2001) and *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523 (10th Cir. 1996), urge me to adopt a panoptic rule spurning the substantive state law of the original forum in all cases dismissed or transferred for lack of jurisdiction. The cases do not support that proposition. Nor do they mandate that I utilize California choice of law rules. The Tenth Circuit in *Trierweiler* and *Doering*, establishing an exception to the general rule that federal courts apply the choice of law rules of the forum state, held that cases transferred for lack of personal jurisdiction operate under the choice of law rules of the transferee court. *Doering*, 259 F.3d at 1209; *Trierweiler*, 90 F.3d at 1532. The court's stated concern, the deterrence of forum shopping, is not present here and I find no reason to expand the holdings of *Trierweiler* and *Doering* to this case.

The plaintiffs seek a sea change where a drop will do. Colorado has adopted the "most significant relationship test" of Restatement (Second) Conflicts of Laws (1971) for contract and tort actions. *Fire Ins. Exchange v. Bentley*, 953 P.2d 1297, 1300 (Colo. Ct. App. 1998); *Hawks v. Agri Sales, Inc.*, 60 P.3d 714, 715 (Colo. Ct. App. 2001). Under the Restatement standard, I

am to consider "the various contacts, such as the place where the injury occurred, the residence of the parties, and the place where the parties' relationship is centered, as well as the policies of the interested states." *Hawks*, 60 P.3d at 715.

Here, California substantive law applies. Mr. Kory is alleged to have misconducted himself in California, where he resides. Any injury occurred in California; as I noted in my December 5, 2005 order, the only business the plaintiffs are alleged to have lost as a result of Mr. Kory's purported actions was transacted with the defendant Leonard Cohen, who resides in California. Application of California law will contravene no Colorado policy interest of which I am aware. *ITT Specialty Risk Services v. Avis Rent A Car Systems, Inc.*, 985 P.2d 43, 48 (Colo. Ct. App. 1998), *reh'g denied*, (1998), *cert. denied*, (1999).

"Under the 'American Rule,' each party bears the financial burden of litigating a civil claim." *F.D.I.C. v. Schuchmann*, 319 F.3d 1247, 1250 (10th Cir. 2003). Mr. Kory has suggested no provision of California law under which I might deviate from that general rule.

Accordingly, it is ORDERED that Robert Kory's motion for attorney fees is DENIED.

Dated: February  8 , 2006, in Denver, Colorado.

                                         BY THE COURT:

                                         s/Lewis T. Babcock

                                         Lewis T. Babcock, Chief Judge