IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-01233-LTB-MJW

NATURAL WEALTH REAL ESTATE, INC., d/b/a Agile Advisors, Inc. a Colorado corporation,
TACTICAL ALLOCATION SERVICES, LLC, d/b/a Agile Allocation Services, LLC, a Colorado limited liability company,
AGILE GROUP, LLC, a Delaware limited liability company,
GREENBERG & ASSOCIATES SECURITIES, INC., d/b/a Agile Group, a Colorado corporation, and
NEAL R. GREENBERG, a Colorado resident,

    Plaintiffs and Counterclaim Defendants,

v.

LEONARD COHEN, a Canadian citizen residing in California,

    Defendant and Counterclaim Plaintiff, and

KELLEY LYNCH, a United States citizen residing in California, and
JOHN DOE, Numbers 1-25,

    Defendants,

v.

TIMOTHY BARNETT, a Colorado citizen,

    Counterclaim Defendant.
_____

## ORDER
_____

    Among the counterclaims that Leonard Cohen asserts against the plaintiffs and Timothy Barnett, a vice president of the plaintiff Tactical Allocation Services, LLC ("Tactical"), are three – professional negligence, negligence, and breach of fiduciary duty – predicated upon the plaintiffs' and Mr. Barnett's alleged mismanagement of Mr. Cohen's assets in their capacity as licensed

investment advisors and broker-dealers. Mr. Cohen filed his counterclaims on June 30, 2006.

Colo. Rev. Stat. § 13-20-602(1) provides, *inter alia*,

> In every action for damages or indemnity based upon the alleged professional negligence of... a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each... licensed professional named as a party... within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown.

The plaintiffs and Mr. Barnett assert that the extent and nature of their duties to Mr. Cohen are not within the general knowledge of lay fact finders and that expert testimony is requisite to proof of the claims. Colo. Rev. Stat. § 13-20-602(2).

On November 16, 2006, Mr. Cohen filed a motion seeking leave to file late a certificate of review. Attached to the motion is a certificate stating in conclusory form that Mr. Cohen's counsel has consulted with an unidentified person expert in investment advising, who finds Mr. Cohen's claims not frivolous. No specifics appear.

Mr. Cohen first argues that the certificate is not necessary because his claim for professional negligence is predicated upon simple, not professional, negligence. He asserts that the plaintiffs and Mr. Barnett acted outside the scope of their duties as investment advisors when they advised him how best to invest his assets. This argument is manifestly frivolous. Indeed, the frivolity of this argument is demonstrated by Mr. Cohen's own assertion, "The area in which Mr. Greenberg and Mr. Barnett were acting for Cohen was providing financial advice, and Cohen has provided a certificate of review in that area of professional conduct."

Mr. Cohen further asserts that the plaintiffs and Mr. Barnett assumed fiduciary duties independent of any professional responsibilities. These duties, he contends, are within the

common understanding of lay jurors unaided by expert testimony. To the extent that any such duties exist, the certificate Mr. Cohen proffers is superfluous. To the extent that Mr. Cohen predicates his claims upon the plaintiffs' professional responsibilities, however, that predicate is patent in the counterclaims; any delay in certification of the review of those claims must be the result of excusable neglect.

Mr. Cohen argues that, if a certificate is required, his delay results from good cause shown: because he articulated a justification for not needing a certificate, his failure to obtain one is excusable. However, Mr. Cohen's subjective, frivolous, and *post facto* justification does not rise to the level of good cause. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1542 (10th Cir. 1996). Though the plaintiffs and Mr. Barnett would not suffer prejudice as a result of the late filing, application of the certificate of review requirement in federal court is anything but a novel issue in this circuit. *Trierweiler*, 90 F.3d at 1538; *Jones v. Krautheim*, 208 F. Supp. 2d 1173, 1177-1178 (D. Colo. 2002). *Contrast*, *Hill v. United States*, 751 F. Supp. 909, 910 (D. Colo. 1990). Nor has Mr. Cohen identified credible grounds for his putative, subjective belief that the requirement did not attach to this case. His motion [#127] is therefore DENIED.

Dated: December   27  , 2006, in Denver, Colorado.

                                                BY THE COURT:


                                                  s/Lewis T. Babcock
                                                Lewis T. Babcock, Chief Judge