# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 05-cv-01233-LTB

NATURAL WEALTH REAL ESTATE, INC., a/k/a Greenberg & Associates, Inc., d/b/a Agile Advisors, Inc. a Colorado corporation;
TACTICAL ALLOCATION SERVICES, LLC, d/b/a Agile Allocation Services, LLC, a Colorado limited liability company;
AGILE GROUP, LLC, a Delaware limited liability company;
GREENBERG & ASSOCIATES SECURITIES, INC., d/b/a Agile Group, a Colorado corporation; and
NEAL R. GREENBERG, a Colorado resident,

    Plaintiffs and Counterclaim Defendants,

v.

LEONARD COHEN, a Canadian citizen residing in California;
KELLEY LYNCH, a United States citizen residing in California; and
JOHN DOE, Numbers 1-25,

    Defendants,

and,

LEONARD COHEN, a Canadian citizen residing in California,

    Counterclaim Plaintiff,

v.

TIMOTHY BARNETT, a Colorado citizen,

    Counterclaim Defendant.
_____

# ORDER
_____

This matter is before me on Defendant and Counterclaim Plaintiff, Leonard Cohen's

("Cohen"), Motion for Leave to File His Amended Answer to Second Amended Complaint, His

Amended Counterclaims, and His Jury Demand, Tendered Contemporaneously Herewith **[Docket # 150]**, Plaintiffs and Counterclaim Defendants and Barnett's ("Plaintiffs") Response **[Docket # 159]**, Cohen's Reply **[Docket # 167]**, Plaintiffs' Sur-Reply **[Docket # 170]**, and, finally, Cohen's Reply to the Sur-Reply **[Docket # 173]**. Oral arguments would not materially assist the determination of this motion. After consideration of the parties' circumlocutory, prolix, and splenetic papers, the pleadings, and the case file, and for the reasons stated below, I DENY Cohen's motion **[Docket # 150]**.

## I.  BACKGROUND

The allegations of the Second Amended Complaint, stripped of extraneous and salacious content, are substantially the following. In 1996, Cohen retained Tactical Allocation Services, LLC ("Tactical"), directed by Plaintiff Greenberg, to manage assets Cohen had earned from a long and successful career in the music industry. Defendant Lynch, Cohen's manager, oversaw and had power of attorney over all of Cohen's financial dealings. Over the ensuing years, the majority of Cohen's wealth was withdrawn from the investment accounts by Lynch and Cohen. Plaintiffs allege they sent numerous warning letters to Cohen and Lynch detailing the precarious financial condition of the accounts. Cohen claims never to have received these letters. By late 2004, Cohen's account balances had diminished from $4.7 million to under $150,000. Cohen claims approximately $4 million of withdrawals were made by Lynch without his knowledge or consent.

In October 2004, Cohen and Lynch allegedly parted ways and began to issue competing directives to Plaintiffs. Each blamed the other for Cohen's financial distress. Apprising as slim his chances of recovering his lost assets from Lynch, Cohen allegedly conspired to extort the money

from Plaintiffs by asserting spurious claims and demanding Plaintiffs elicit a settlement from their insurance carrier or submit to private mediation. Lynch informed Plaintiffs of the scheme, which lead to Plaintiffs filing their complaint in this case. After Plaintiffs filed this lawsuit, Cohen allegedly used his fame to publish—via his website and press releases—defamatory statements charging Plaintiffs with responsibility for his financial condition.

Plaintiffs' Second Amended Complaint **[Docket # 93]**, filed on May 23, 2006, asserts ten claims for relief: defamation; commercial disparagement; interference with prospective business advantage; unjust enrichment; civil extortion; civil conspiracy; violation of the Colorado Organized Crime Control Act; injunctive relief; declaratory judgment; and interpleader—against Lynch and Cohen—to determine rightful ownership of the remaining Traditional Holdings funds.

## II. DISCUSSION

This case was originally filed in Boulder County District Court on June 5, 2005, and was removed to this Court on July 1 of that same year. The Complaint was amended on August 2, 2005, and again on May 23, 2006. Cohen's answer was filed on June 30, 2006, and Plaintiffs replied on August 10, 2006. The present motion was filed nine months later, on May 10, 2007.

### 1. FED. R. CIV. P. 15(a)

Cohen requests I grant him leave to amend his Answer to Second Amended Complaint, Counterclaims, and Jury Demand **[Docket # 100]** to include additional allegations of fact; an additional affirmative defense of vexatious and frivolous prosecution; and additional counterclaims for breach of the terms of the Investment Advisory Agreement between Cohen and Tactical, breach of express and/or implied-in-fact oral and e-mail contracts entered into between Cohen and Greenberg, and promissory estoppel based on the foregoing representations.

Under FED. R. CIV. P. 15(a), a party may amend its pleadings once as a matter of right at any time before a responsive pleading is served. After a responsive pleading is served, a party may amend its pleadings only by leave of court or by written consent of the adverse party. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Leave to amend should be freely given when justice requires so that parties are given the opportunity to test their claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nonetheless, the decision whether to grant leave to amend is committed to the sound discretion of the trial court and I retain discretion to deny leave to amend for any appropriate reason, including—but not limited to—untimeliness or undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility, and undue prejudice to the opposing party if the amendment is allowed. *Id.*; *see also Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).

Because I find leave to amend should be denied for untimeliness and undue delay, I need not address the other *Foman* factors in depth. However—as both parties insist on pursuing obfuscatory tactics to postpone the resolution of this matter on the merits—I would be equally persuaded to deny Cohen's motion under a bad faith, dilatory motive, or prejudice analysis. *See Popp Telcom v. Am. Sharecom*, 210 F.2d 928, 943 (8th Cir. 2000) ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend."); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 140 (5th Cir. 1993) ("Having considered the record, the court is seriously concerned about plaintiffs' apparent bad faith and dilatory motive in seeking leave to amend their complaint at this time.").

2.  Untimeliness/Undue Delay

It is well settled in the Tenth Circuit that untimeliness or undue delay alone is a sufficient reason to deny leave to amend. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Prejudice to the opposing party need not also be shown. *First City Bank, N.A., v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987).  This is especially so when the party filing the motion has no adequate explanation for the delay. *Frank*, 3 F.3d at 1365–66.  Although Cohen (despite hundreds of pages "briefs" and exhibits) provides no intelligible reason for his delay—even making the remarkable argument that "[i]t seems unlikely that, in such circumstances, any 'explanation' for the requested amendment would be required" **[Docket # 167 p. 21]**—at least two theories appear evident.  Neither is adequate to allow amendment this late in the game.

Under the first—and more readily apparent—theory, the present motion appears to be a speculative and preemptive pseudo-response to Plaintiffs' motion for summary judgment **[Docket # 148]**.  In Cohen's view, allowing amendment will serve to "clarify" and "particularize" his counterclaims to "accurately and completely inform the Court of Cohen's real positions in this case" in order to avoid summary judgment **[Docket # 167 pp. 2–5]**.  However, motions to amend are subject to additional scrutiny when filed in response to a motion for summary judgment. *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986).

Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in his previous answer or complaint, the motion to amend is subject to denial. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994); *Las Vegas Ice & Cold Storage Co. v. Far. W. Bank*, 893 F.2d 1182, 1185

(10th Cir. 1990). Cohen presents no evidence of newly-discovered facts for his proposed amendments: they appear based upon the same facts and same documents as those claims already presented to me in prior motions beginning as early as December 2005 and on the same facts and documents underlying Plaintiffs' pending motion for summary judgment. By definition, any attempt to "accurately and completely inform the Court of Cohen's real positions in this case" through "clarification" or "particularization" must be based upon facts that should have been included in the original complaint.

Moreover, this is not a case where Cohen is subject to automatic dismissal if I deny his motion to amend. *Cf. Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1344 (10th Cir. 1982) (holding the district court's refusal to allow amendment was error where the claims were necessarily dismissed when leave to amend was denied). The proper procedure for addressing the validity of the myriad factual allegations Cohen seeks to add by this amendment is through Rule 26 discovery and response to Plaintiffs' motion for summary judgment—neither of which have been undertaken at this point.

Under the second possible theory—an oblique attempt to assert new claims in response to my January 23, 2007, ruling **[Docket # 167 pp. 10–11]**—Cohen's motion is likewise untimely. Despite my prior admonitions to the contrary, *see Natural Wealth Real Estate, Inc. v. Cohen*, No. 05-cv-01233-LTB-MJW, 2007 WL 201252 (D. Colo. Jan. 23, 2007), Cohen presents his theory of the case as "a moving target. It seems to change from time to time" to try and mitigate or vitiate the outcome of my prior adverse rulings. *Viernow*, *supra*, 157 F.3d at 800. While "[l]iberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, . . . equal attention should be given to the proposition that there must be an end

6

finally to a particular litigation." *Pallottino*, *supra*, 31 F.3d at 1027.

Even if I found Cohen's four month delay since my January 23, 2007, order in this case to be justified—which I do not, particularly in light of Cohen's argument that the order made the necessity for amendment "self-evident" **[Docket # 167 p. 21]**—the Tenth Circuit does not favor permitting a party to attempt to salvage a lost case by suggesting new theories after the trial judge has already expressed adverse rulings. *Viernow*, *supra*, 157 F.3d at 800. I will not allow Cohen a mulligan to present new theories *seriatim* in a circuitous effort to avoid what he fears to be a pending dismissal. *See Minter*, *supra*, 451 F.3d at 1206; *see also Wimm*, 3 F.3d at 139 ("The motion is obviously interposed by plaintiffs in an attempt to avoid summary judgment. The record reflects that plaintiffs have had ample opportunity to investigate their claims and to seek leave to amend their complaint.").

### III.  CONCLUSION

Accordingly, Cohen's Motion for Leave to File His Amended Answer to Second Amended Complaint, His Amended Counterclaims, and His Jury Demand, Tendered Contemporaneously Herewith **[Docket # 150]** is DENIED.

Dated: October   26  , 2007.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge