**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 05-cv-01233-LTB

NATURAL WEALTH REAL ESTATE, INC., a/k/a Greenberg & Associates, Inc., d/b/a Agile Advisors, Inc. a Colorado corporation;
TACTICAL ALLOCATION SERVICES, LLC, d/b/a Agile Allocation Services, LLC, a Colorado limited liability company;
AGILE GROUP, LLC, a Delaware limited liability company;
GREENBERG & ASSOCIATES SECURITIES, INC., d/b/a Agile Group, a Colorado corporation; and
NEAL R. GREENBERG, a Colorado resident,

    Plaintiffs and Counterclaim Defendants,

v.

LEONARD COHEN, a Canadian citizen residing in California;
KELLEY LYNCH, a United States citizen residing in California; and
JOHN DOE, Numbers 1-25,

    Defendants,

and,

LEONARD COHEN, a Canadian citizen residing in California,

    Counterclaim Plaintiff,

v.

TIMOTHY BARNETT, a Colorado citizen,

    Counterclaim Defendant.
_____

## ORDER
_____

    This matter is before me on Defendant, Leonard Cohen's, Motion for Summary Judgment as to Plaintiffs' Tenth Claim for Relief for Interpleader [**Docket # 185**], Plaintiffs' response [**Docket # 196**], and Cohen's reply [**Docket # 210**]. Oral arguments would not materially assist

the determination of this motion.

The allegations in this case are adequately noted in prior orders of this Court, and I need not repeat them here. After several years of litigation, each claim and counterclaim in this case—with the exception of Plaintiffs' interpleader claim now at issue—has been dismissed. Plaintiffs' interpleader claim concerns approximately $154,000 in funds ("the funds") belonging to Traditional Holdings LLC, an investment entity created by Cohen and Defendant Lynch for purposes of managing Cohen's assets. Plaintiffs disavowed any interest in the funds, but requested interpleader for purposes of settling the conflicting positions of Cohen and Lynch regarding ownership of the funds. Plaintiffs paid the funds into the Registry of the Court pending resolution of this issue.

On May 12, 2006, the Superior Court of California, County of Los Angeles, ruled on the issue of ownership of the funds, and entered default judgment in favor of Cohen and against Lynch in the amount of $7.3 million in damages and interest. *See* Judgment, *Cohen v. Lynch*, Los Angeles Superior Court Case No. BC 338322 (May 12, 2006) **[Docket # 186-16]**. In rendering judgment, the California court declared Lynch was "not the owner of any assets in Traditional Holdings, LLC" and any interest Lynch had in "any other entity related to Cohen . . . she [held] as trustee for Cohen's equitable title." The California court enjoined Lynch from interfering with Cohen's right to receive any such funds or property or in any other way exercising control over any funds or property related to Cohen. The California court ruling was not appealed and is now final.

The final judgment of the California court settles the dispute between Lynch and Cohen over ownership of the interpleaded funds. As Plaintiffs are no longer exposed to multiple liability, Plaintiffs' interpleader claim is now moot. *See* FED. R. CIV. P. 22(a)(1). When the dispute underlying an interpleader claim is mooted, the interpleader claim should be dismissed. *See Oldcastle Materials, Inc. v. Rohlin*, 343 F. Supp. 2d 762, 787 (N.D. Iowa 2004); *Burningtree v. Holland*, 760 F. Supp. 118, 119 (E.D. Mich. 1991).

Accordingly, IT IS ORDERED that:

1. Plaintiffs' Tenth Claim for Relief for Interpleader is DISMISSED;

2. Defendant Cohen's Motion for Summary Judgment as to Plaintiffs' Tenth Claim for Relief for Interpleader [**Docket # 185**] is DENIED AS MOOT;

3. The interpleaded funds currently in the Registry of the Court—including any accrued interest, less the Court Registry handling fee—shall be disbursed to Defendant Cohen within ten days of the date of this Order;

4. Each party shall bear its own attorney fees and costs related to this motion.

Dated: September  5 , 2008.

BY THE COURT:

    s/Lewis T. Babcock    
Lewis T. Babcock, Judge