# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### LEWIS T. BABCOCK, JUDGE

Civil Case No. 05-cv-01233-LTB

NATURAL WEALTH REAL ESTATE, INC., a/k/a Greenberg & Associates, Inc., d/b/a Agile Advisors, Inc. a Colorado corporation;
TACTICAL ALLOCATION SERVICES, LLC, d/b/a Agile Allocation Services, LLC, a Colorado limited liability company;
AGILE GROUP, LLC, a Delaware limited liability company;
GREENBERG & ASSOCIATES SECURITIES, INC., d/b/a Agile Group, a Colorado corporation;
and
NEAL R. GREENBERG, a Colorado resident,

      Plaintiffs and Counterclaim Defendants,

v.

LEONARD COHEN, a Canadian citizen residing in California;
KELLEY LYNCH, a United States citizen residing in California; and
JOHN DOE, Numbers 1-25,

      Defendants,

and,

LEONARD COHEN, a Canadian citizen residing in California,

      Counterclaim Plaintiff,

v.

TIMOTHY BARNETT, a Colorado citizen,

      Counterclaim Defendant.
_____

## ORDER
_____

This matter is before me on Plaintiffs' and Counterclaim Defendant Barnett's

(collectively "Plaintiffs") Motion for Award of Attorneys Fees and Costs Against Cohen

[**Docket # 197**] and accompanying brief [**Docket # 199**], Cohen's response [**Docket # 213**],

Plaintiffs' reply [**Docket # 216**], and Cohen's sur-reply [**Docket # 221**].  Oral arguments would

not materially assist the determination of this motion.  After consideration of the papers, the

pleadings, and the case file, and for the reasons stated below, I DENY Plaintiffs' motion [**Docket # 197**].

The allegations in this case are adequately noted in prior orders of this Court, and I need

not repeat them here.  After several years of litigation, each claim and counterclaim in this case

has finally been dismissed.  Plaintiffs now seek attorney fees and costs against Cohen under four

theories: (1) the Colorado fee-shifting statute, COLO. REV. STAT. § 13-17-101 *et seq.*; (2) the

inherent authority of the Court; (3) FED. R. CIV. P. 56(g); and (4) the indemnity provisions of two

contracts underlying this case.  I address each in turn.

Under Colorado law, a court may award attorney fees "against any attorney or party who

has brought or defended a civil action, either in whole or in part, that the court determines lacked

substantial justification. . . . '[L]acked substantial justification' means substantially frivolous,

substantially groundless, or substantially vexatious."  *See* COLO. REV. STAT. § 13-17-102.

"Section 13-107-102 applies to claims brought in the District of Colorado."  *Lorillard Tobacco*

*Co. v. Engida*, 556 F. Supp. 2d 1209, 1215–16 (D. Colo. 2008).  The inquiry requires me to look

at the totality of the circumstances, including:

> (a) The extent of any effort made to determine the validity of any action or claim
> before said action or claim was asserted;
> (b) The extent of any effort made after the commencement of an action to reduce
> the number of claims or defenses being asserted or to dismiss claims or defenses
> found not to be valid within an action;
> (c) The availability of facts to assist a party in determining the validity of a claim
> or defense;

(d) The relative financial positions of the parties involved;
(e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;
(f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
(g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;
(h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

COLO. REV. STAT. § 13-17-103.

Taking these factors into account—and viewing them in light of the generally nettlesome behavior of both parties throughout this litigation—an award of attorney fees under the statute is unwarranted. Plaintiffs filed their complaint—which I have noted in multiple orders to be loaded with extraneous and salacious content—in a "pre-emptive" attempt to suppress Cohen's use of the press to disparage Plaintiffs' business. After nearly three years of litigation—with only the wannest indication Plaintiffs' claims could succeed on the merits—Plaintiffs belatedly moved to dismiss their remaining claims in May of 2008. Both parties could easily have surmised they were bringing baseless claims well before that point. Both parties possessed the considerable financial wherewithal necessary to use—and perhaps abuse—the courts to air their dirty laundry in public. Both parties filed claims that were essentially meritless, pursued in bad faith, and factually unsupportable. Finally, although Plaintiffs were the "prevailing parties" in regards to all of Cohen's claims, Cohen was likewise the "prevailing party" in regards to all of Plaintiffs' claims.

Although Plaintiffs limit their request for attorney fees to those fees incurred defending against Cohen's claims, Plaintiffs' actions in filing this case in this first place—and in recalcitrantly prosecuting it well past the point where it was clear no resolution was nigh—set

3

into motion and perpetuated what I have previously called a "historically wasteful expenditure of resources by the court and litigating parties." *See* Order, January 23, 2007 [**Docket # 144**]. It is well within the Court's discretion to deny attorney fees under the Colorado statute "based on a finding that a party did not take all reasonable measures to extricate himself from a frivolous or groundless lawsuit at the earliest possible time." *Ruffling v. Lincicome*, 737 P.2d 440, 442 (Colo. Ct. App. 1987). Plaintiffs' motion for attorney fees under the Colorado fee shifting statute is therefore denied. For these same reasons, I decline Plaintiffs' invitation to award attorney fees under the inherent authority of the Court.

Under FED. R. CIV. P. 56(g), I may award reasonable attorney fees if I am satisfied that an affidavit submitted under the Rule was submitted in bad faith or solely for delay. Plaintiffs claim Cohen submitted two such affidavits in conjunction with his response to Plaintiffs' motion for summary judgment on Cohen's breach of contract claim [**Docket # 180**]. While Cohen's affidavits were ultimately unhelpful to his cause, I am not satisfied they were submitted in bad faith or solely for delay. *See* Order, February 21, 2008 [**Docket # 182**]. Accordingly, Plaintiffs' motion for attorney fees under FED. R. CIV. P. 56(g) is denied.

Finally, Plaintiffs seek attorney fees under the indemnity provisions found in the Subscription Agreement ("SA") between Agile Group and Traditional Holdings and the Limited Partnership Agreement ("LPA") between Agile Group, LLC, and the Agile Safety Fund. As Plaintiffs concede in their reply brief, however, that "it is, of course, true that Cohen is neither a signatory nor a named party to the LPA or SA," Plaintiffs' motion for attorney fees under these agreements—being made against Cohen personally—is denied.

At some point, as Plaintiffs note in their reply brief [**Docket # 216**], enough is enough.

Accordingly, considering all the relevant circumstances, Plaintiffs' Motion for Award of

Attorneys Fees and Costs Against Cohen [**Docket # 197**] is DENIED.


Dated: October __21__, 2008.

BY THE COURT:


   s/Lewis T. Babcock            
Lewis T. Babcock, Judge